UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
BETTY M.,

                     Plaintiff,        DECISION AND ORDER
                                                    1:21-CV-00690-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In November of 2017, Plaintiff Betty M.[1] applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 16).

This case was referred to the undersigned on May 2, 2022. Presently pending are the parties' Motions for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 19, 23). For the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A.   *Administrative Proceedings*

Plaintiff applied for benefits on November 30, 2017, alleging disability beginning January 1, 2014. (T at 177-85).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on April 6, 2020, before ALJ Ann Sharrard. (T at 31). Plaintiff appeared with an attorney and testified. (T at 39-57). The ALJ also received testimony from Heather Mueller, a vocational expert. (T at 57-63).

### B.   *ALJ's Decision*

On May 12, 2020, the ALJ issued a decision denying the application for benefits. (T at 7-26). The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2017 (the alleged onset date). (T at 12). The ALJ concluded that Plaintiff's fibromyalgia; left carpal tunnel syndrome; chronic obstructive pulmonary disease/emphysema; and anxiety were severe impairments as defined under the Social Security Act. (T at 12).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 13).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 416.967 (b), with the following limitations: she can lift and carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours; stand and/or walk 6 hours; sit, stand, or walk up to 30 minutes each uninterrupted before needing a momentary change in position that would not render her off task more than 10%; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, stoop, crouch, kneel, crawl, and balance; frequently push or pull with the left upper extremity (the nondominant upper extremity); no more than occasional exposure to extreme cold, humidity, and pulmonary irritants, such as dusts, gases, fumes, noxious odors, and poorly ventilated areas; no exposure to unprotected heights and exposed moving mechanical parts; cannot operate a motor vehicle; and is limited to a low-stress job, which is defined as jobs having no more than occasional changes in the work setting and occasional decision-making required. (T at 15).

The ALJ concluded that Plaintiff could perform her past relevant work as an order clerk. (T at 21). As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was therefore not entitled to benefits, for the period between November 30, 2017 (the alleged onset date) and May 12, 2020 (the date of the ALJ's decision). (T at 22). On December 1, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C. *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on January 26, 2021. (Docket No. 1). On January 31, 2022, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 19, 20). The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on April 24, 2022. (Docket Nos. 23, 24). On May 13, 2022, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 25).

## II.  APPLICABLE LAW

*A.     Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

  B. *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises three main arguments in support of her request for reversal of the ALJ's decision.  First, she argues that the ALJ ignored and/or mischaracterized important aspects of the record.  Second, Plaintiff contends that the RFC determination was not supported by substantial

evidence. Third, she challenges the ALJ's step four analysis. This Court will address each argument in turn.

### A. Adequacy of Explanation

ALJs are required to provide a "roadmap" for their reasoning. The failure to do so deprives the reviewing court of the ability to determine whether the ALJ's opinion is supported by substantial evidence. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (noting that "the crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence").

Importantly, however, "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)(quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

Plaintiff argues that the ALJ did not adequately address evidence related to her shortness of breath and insomnia. The Court finds this argument unavailing.

The ALJ recognized Plaintiff's chronic obstructive pulmonary disease/emphysema as a severe impairment. (T at 13). The ALJ explained that Plaintiff's complaints of shortness of breath were a symptom of her

COPD/emphysema, as opposed to a separate impairment. (T at 13). The ALJ accounted for Plaintiff's lung ailments in the RFC by limiting Plaintiff's work exertion and exposure to pulmonary irritants and poorly ventilated areas. (T at 15, 18-19). Regarding Plaintiff's insomnia, the ALJ identified obstructive sleep apnea as a medically determinable impairment, with insomnia as a resulting symptom, but noted evidence that the condition improved with the use of a CPAP machine. (T at 13).

Although Plaintiff takes issue with the way in which the ALJ discussed these impairments, Plaintiff cites no evidence and offers no argument sufficient to overcome the conclusion that the ALJ's overall assessment is supported by substantial evidence, including the opinions of four (4) physicians, as discussed further below.

Plaintiff also contends that the ALJ did not adequately address her subjective complaints. However, Plaintiff's disagreement is more stylistic than substantive. The ALJ surveyed the evidence in detail and provided a thorough analysis and explanation for how she reconciled the various medical opinions and assessed the record evidence, including Plaintiff's subjective complaints. (T at 15-21). The ALJ's decision afforded this Court ample opportunity to discern her reasoning and examine the evidentiary basis supporting her findings. *See Moody v. Comm'r of Soc. Sec.*, 848 F.

App'x 470, 471 (2d Cir. 2021); *Barrere v. Saul*, 857 F. App'x 22, 24 (2d Cir. 2021).

    B.    *RFC Determination*

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p). When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

The ALJ determined that Plaintiff retained the RFC to perform light work, as defined in 20 CFR 416.967 (b), with the following limitations: she can lift and carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours; stand and/or walk 6 hours; sit, stand, or walk up to 30 minutes each uninterrupted before needing a momentary change in position that would not render her off task more than 10%; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, stoop, crouch, kneel, crawl,

and balance; frequently push or pull with the left upper extremity, which is the nondominant upper extremity; no more than occasional exposure to extreme cold, humidity, and pulmonary irritants, such as dusts, gases, fumes, noxious odors, and poorly ventilated areas; no exposure to unprotected heights and exposed moving mechanical parts; cannot operate a motor vehicle; and is limited to a low-stress job, which is defined as having occasional changes in the work setting and occasional decision making required. (T at 15).

The ALJ's RFC determination is supported by substantial evidence.

Dr. John Fkiaras performed a consultative examination in February of 2018. On examination, Plaintiff demonstrated normal gait, full range of motion in the upper extremities, no sensory deficit, slight loss of strength (4/5) in the upper extremities bilaterally and left lower extremity, full muscle strength in the right lower extremity, and no muscle atrophy. (T at 424-25). Plaintiff's hand and finger dexterity were intact, with full grip strength bilaterally. (T at 426).

Dr. Fkiaras diagnosed chronic obstructive pulmonary disease/emphysema, sleep apnea, fibromyalgia, shortness of breath, and hypertension. (T at 426). He characterized Plaintiff's prognosis as "fair"

and opined that she was restricted from activities requiring great exertion. (T at 426).

Dr. Fkiaras assessed a moderate-to-marked limitation for repetitive heavy lifting, carrying, pushing, and pulling; moderate limitation for repetitive squatting; marked limitation for tasks involving exposure to unprotected heights; marked limitation for driving and operating machinery; and mild-to-moderate limitation with respect to sitting for prolonged periods. (T at 426).

Dr. R. Abueg, a non-examining State Agency review consultant, reviewed the record in March of 2018 and opined that Plaintiff could occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for about 6 hours in an 8-hour workday; sit for about 6 hours in an 8-hour workday; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and balance, stoop, knee, crouch, and crawl without limitation. (T at 72-73). Dr. Abueg assessed no manipulative, visual, communicative, or environmental limitations. (T at 73).

The ALJ considered these assessments of Plaintiff's physical limitations persuasive and consistent with the overall record.  The ALJ further found that the record supported additional environmental limitations, which she incorporated into the RFC determination. (T at 20-21).

Dr. Laura Kerenyi performed a consultative psychiatric evaluation in February of 2018. Plaintiff reported that she was not receiving any ongoing psychiatric treatment. (T at 429). She demonstrated a cooperative demeanor; appropriate mood, affect, and orientation; intact attention, concentration, and memory; average cognitive functioning; and fair insight and judgment. (T at 430-31).

Dr. Kerenyi opined that Plaintiff was not limited in her ability to understand, remember, or apply simple or complex directions; not limited with respect to using reason and judgment to make simple work-related decisions; mildly limited with respect to interacting appropriately with supervisors, co-workers, and the public; not limited as to sustaining concentration and performing at a consistent pace; not limited in her ability to sustain an ordinary routine and regular attendance; mildly limited with respect to her capacity to regulate emotions, control behavior, and maintain well-being, and not limited in her ability to sustain an ordinary routine and regular attendance at work. (T at 432).

Dr. Kerenyi diagnosed rule out unspecified bipolar disorder, specific phobia to snakes, panic attacks without agoraphobia, and unspecified anxiety disorder. (T at 432-33). She reported that the results of her examination were consistent with psychiatric problems, but found those

problems not "significant enough to interfere with [Plaintiff's] ability to function on a daily basis." (T at 432). Dr. Kerenyi characterized Plaintiff's prognosis as "fair." (T at 433).

Dr. M. D'Ortona, a non-examining State Agency review physician, reviewed the record in February of 2018. Dr. D'Ortona opined that Plaintiff's psychiatric impairments were non-severe, with no limitation in her ability to understand, remember, or apply information; mild limitation with regard to interacting with others; no limitation in maintaining concentration, persistence, or pace; and mild limitation in adapting or managing herself. (T at 70).

The ALJ considered the opinions of Dr. Kerenyi and Dr. D'Ortona persuasive, but found additional evidence of limitation in the record, which the ALJ addressed by limiting Plaintiff to low stress jobs. (T at 15, 20-21)

Plaintiff offers an alternative reading of the record, asserting that the ALJ should have given greater weight to evidence regarding her psychiatric issues, hand impairments, and migraines. It is the role of the Commissioner, however, and not this Court to resolve conflicts in the evidence. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve."). The ALJ may reach a determination that "does not perfectly

14

correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

Here, the ALJ's RFC determination is consistent with, and supported by, the opinions of the examining and non-examining physicians, as well as a reasonable and careful reading of the clinical examination findings, diagnostic imaging, and overall course of treatment. (T at 16-21).

There is no question that Plaintiff suffers from physical pain and psychiatric limitation. However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Moreover, the ALJ did not dismiss this evidence (including Plaintiff's subjective complaints). Rather, the ALJ incorporated additional limitations into the RFC beyond those assessed by the examining and non-examining physicians, including environmental and psychological limitations. (T at 15).

Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial

evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Here, as discussed above, the ALJ's RFC determination is supported by substantial evidence, including the assessments of the examining and State Agency review physicians, as well as a reasonable reading of the record.  It must therefore be sustained.

### C. Step Four Analysis

At step four of the sequential evaluation, a "claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003)(citing SSR 82-62"). The "inquiry requires separate evaluations of the previous job and the job as it is generally performed." *Id*. "The inquiry ... is not whether the claimant is able to perform the duties of her previous job, but whether the claimant is able to perform the duties associated with her previous 'type' of work." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)(quoting *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981)).

The ALJ determined that Plaintiff retained the RFC to perform her past relevant work as an order clerk. (T at 21).  Plaintiff argues that the ALJ's analysis was flawed because the order clerk position identified by the ALJ does not correspond precisely with her past relevant work.

However, the ALJ reasonably relied on the testimony of the vocational expert in making this finding, with Plaintiff's counsel being afforded an opportunity to cross-examine the expert. (T at 57-63).  Plaintiff also suggests that the ALJ did not define what she meant by "low stress" work.  In the hypothetical to the vocational expert, however, and in her

17

decision the ALJ explained that "low stress" work meant that it involved only occasional changes and decision-making. (T at 15, 59). The Court concludes that the ALJ's step four determination, including, in particular, her reliance on the vocational expert's testimony, consistent with applicable law and supported by substantial evidence. *See, e.g., Calabrese v. Astrue*, 358 F. App'x 274, 276 (2d Cir. 2009); *Rodriguez v. Comm'r of Soc. Sec.*, No. 18CV1742PGGKNF, 2020 WL 5260888, at *4 (S.D.N.Y. Apr. 9, 2020), report and recommendation adopted sub nom. *Rodriguez v. Comm'r of Soc. Sec. Admin.*, No. 18CIV1742PGGKNF, 2020 WL 3412926 (S.D.N.Y. June 20, 2020).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 19) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 23) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter a final judgment consistent with this decision.

Dated: September 12, 2022               *s/Gary R. Jones*
                                        GARY R. JONES
                                        United States Magistrate Judge